**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4120**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

JACK BENSON FLANDERS,

> Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Joseph Dawson, III, District Judge. (4:22-cr-00217-JD-1)

Submitted:  June 23, 2026                                Decided:  August 4, 2026

Before HEYTENS and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Lawrence J. Cameron, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jack Benson Flanders of engaging in illicit sexual conduct with a minor while living in a foreign country, in violation of 18 U.S.C. § 2423(c), (e). The district court sentenced Flanders to 198 months' imprisonment, a downward variance from the 210- to 262-month term calculated by the court, followed by five years' supervised release. On appeal, Flanders argues that the Government violated his right to a fair trial by encouraging the jury during closing argument to "do the right thing" by finding Flanders guilty. Flanders also challenges the district court's calculation of his Sentencing Guidelines range because the court did not provide sufficient explanation when overruling his objection to the application of an enhancement for unduly influencing a minor to engage in prohibited sexual conduct, pursuant to U.S. Sentencing Guidelines Manual § 2G1.3(b)(2)(B) (2021). In the alternative, Flanders contends that the court impermissibly relied on the commentary to USSG § 2G1.3 in applying the enhancement. We affirm.

Because Flanders did not object to the Government's closing argument at trial, we review this claim for plain error. *United States v. Watkins*, 111 F.4th 300, 311 (4th Cir. 2024). To satisfy that standard, Flanders must show: "(1) an error; (2) that is clear or obvious under the law at the time of review; (3) that seriously affects [his] substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

A prosecutor's comments during closing argument violate a criminal defendant's due process rights "only if they so infected the trial with unfairness as to make the resulting

2

verdict a denial of due process." *United States v. Runyon*, 707 F.3d 475, 510 (4th Cir. 2013) (citation modified).

Accordingly, the defendant must show: "(1) that the government's remarks were in fact improper and (2) that the remarks prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair [trial]." *Id.* at 510–11 (internal quotation marks omitted). In determining whether the second prong is met, we consider:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

*Id.* at 511. "Also relevant to the second inquiry is the issuance of curative instructions from the court." *Runyon*, 707 F.3d at 511 (internal quotation marks omitted).

The Government's statement was improper. *See Runyon*, 707 F.3d at 514–15. It was nevertheless confined to a single, brief statement at the end of a lengthy summary of the evidence that was unlikely to mislead or distract the jury. The Government's evidence at trial included the extensive and detailed testimony of the victim, as well as testimony from other witnesses that corroborated and supported the victim's testimony. Additionally, while the district court did not address the specific comment Flanders challenges, it did instruct the jury not to consider attorneys' statements, including those in closing argument, as evidence. We therefore conclude that the Government's call for the jury to "do the right thing" did not violate Flanders's due process rights, and the district court did not plainly err by failing to take corrective action.

3

With respect to Flanders's second argument, a Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified). Here, the district court explicitly stated that it would have imposed the same sentence as an alternative variant sentence in light of the 18 U.S.C. § 3553(a) factors and when considering the totality of the circumstances in Flanders's case. Because the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), we conclude that the first prong of the assumed error harmlessness inquiry is satisfied.

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed error. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a).

Flanders's 198-month downward variant sentence is within the Guidelines range that would have applied had his Guidelines objection been sustained. As the district court explained, the sentence was warranted in light of the seriousness of Flanders's offense, which involved illicit sexual conduct with a minor over whom Flanders exercised undue influence. The court also acknowledged the mitigating factors of Flanders's military

4

service and his lack of criminal history. Based on these factors, we conclude that the sentence is substantively reasonable and, consequently, that the purported miscalculation of Flanders's Guidelines range is harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*